IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KOUAME A. GUY-LAURENT, A79550-324 | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0345-K |
| | ) | ECF |
| WARDEN ROLLING PLAINS | ) | |
| DETENTION CENTER, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief under 28 U.S.C. § 2241, et seq., filed by a detainee of the Bureau of Immigration and Customs Enforcement (ICE).

Parties: At the time of filing this action, Petitioner was confined at the Rolling Plains Detention Center in Haskell, Texas. His whereabouts are presently unknown. Respondent is the Warden of the Rolling Plains Detention Facility. The Court issued process in this case.

Statement of Case: Petitioner, a native and citizen of the Ivory Coast, entered the United States at Dallas, Texas, as a student (F-1), on or about May 5, 2004, to attend Richland Communty College in Dallas, Texas. In December 2004, Petitioner was arrested for possession of marijuana and released on his own recognizance on December 12, 2004. (Respondent's Response at 2 and Exh. 1).

On November 9, 2006, ICE arrested Petitioner and placed him in removal proceedings

because he failed to maintain or comply with the conditions of his student visa. (Respondent.'s Exh. 1-2). Following his arrest, Petitioner's bond was set at $20,000. (*Id.*, Exh. 3). Petitioner sought redetermination of this custody decision by an immigration judge (IJ). (*Id.*). At a bond hearing in November 2006, the IJ reduced the bond to $10,000. (*Id.,* Exh. 4). On March 4, 2007, Petitioner appealed to the Board of Immigration Appeal (BIA). (*Id.*, Exh. 5).

In the interim, at an immigration hearing conducted on December 5, 2006, Petitioner admitted the allegations contained in the notice to appear, conceded the charge of removability, and the IJ found Petitioner removable as charged. (Respondent.'s Response at 4). However, Petitioner sought adjustment of his status to that of a lawful permanent resident in light of his marriage to a U.S. citizen. (*Id.*). In light of this, his case was continued to permit Petitioner to submit an application for adjustment of status. (*Id.*).

On February 21, 2007, Petitioner filed this habeas corpus action, alleging that the $10,000 cash bond was "unreasonably high" and that it prevented him from being released. Petitioner requested to be released on his recognizance pending determination of his adjustment of status. In response to the Court's order to show cause, Respondents filed a response seeking dismissal of the petition for want of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Petitioner filed a reply (response), reiterating that the $10,000 bond was excessive.

<u>Findings and Conclusions</u>: At the time of filing this action, Petitioner remained in ICE custody pursuant to 8 U.S.C. § 1226 (pre-final order detention), awaiting the filing and adjudication of an application for adjustment of status. On July 12, 2007, an immigration judge in Dallas granted Petitioner's application for adjustment of status, and Petitioner was released

from custody the next day.[1]

Petitioner's release from custody requires the Court to examine whether it has jurisdiction over the instant action. *See* Fed. R. Civ. P. 12(h)(3) (stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980).

Since Petitioner's application for adjustment of status was granted, and he was released from Respondents' custody, his only ground for habeas relief is now moot and this Court no longer has jurisdiction to consider his petition.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction the same being moot.

A copy of this recommendation will be mailed to Petitioner's last known address, and

---

[1] The Court verified this information telephonically with the Immigration Court in Dallas, Texas.

3

will be served electronically on counsel for Respondent.

Signed this 2nd day of August, 2007.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.